BOARD OF SUP'RS, JEFFERSON COUNTY, *v.* JEFFERSON COUNTY BANK OF FAYETTE.

(Division A. Oct. 1, 1934.)

[156 So. 599. No. 31315.]

**J. A. Lauderdale**, Assistant Attorney-General, for appellant.

52

**Truly & Truly,** of Fayette, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The list of property filed by the appellee with the tax assessor for the year 1933 disclosed that the value of its capital stock for taxation purposes was only five hundred seventy dollars and forty-four cents. The board of supervisors raised this value to twelve thousand five hundred seventy dollars, from which the appellee appealed to the circuit court, where the order of the board of supervisors was reversed and the value of the appellee's capital stock was fixed at five hundred ninety dollars. The board of supervisors appealed to this court. The appellee's list of its property filed with the tax assessor is as follows:

Capital stock .............................. $25,000.00
Book surplus   $12,000.00   Exempt
   Deductions from above:
Actual depreciation on notes .... $15,229.97
Bad notes charged off .......... 5,205.09

Total to be deducted ....................... 20,435.06

Total Value of capital stock ............... $ 4,564.94
Amount invested in real estate ........... 3,994.50
Assessment to be listed on the personal roll
   for 1933 ............................... $ 570.44

The evidence discloses that the appellee had invested twelve thousand dollars, representing its book surplus, in accordance with sections 10 and 11, chapter 22, Laws of 1930, and therefore, according to the contentions of the appellee, its surplus is not taxable and should be deducted from its capital stock, which balance is taxable, after deducting the bank's losses and the depreciation of its assets therefrom, in support of which appellee relies on section 11, chapter 22, Laws of 1930. That section is as follows: "Provided the surplus is invested as

provided in the preceding section that to encourage banks to accumulate surplus and thereby better maintain themselves as public institutions and to justify the requirements that while operating as state banks they meet the assessment made by the State Banking Department from year to year to pay the outstanding guaranty certificates, the surplus of all state banks in an amount not exceeding one hundred per cent of their capital at the time of the passage of this act, or at the time of their organization if organized after the passage of this act, shall be exempt from all taxation until the outstanding guaranty certificates as described in this act are liquidated as herein provided, at which time such exemptions shall cease. In returning their property for taxation for the year 1930 and thereafter, so long as the bank pays the guaranty assessments as herein provided, each bank shall deduct such exempt surplus from the valuation of the shares of capital stock arrived at in the manner provided by section 1 of chapter 193 of the Laws of 1920, being section 8203 of Hemingway's Code of 1927, for the purpose of fixing the valuation on which state, county and municipal taxes shall be paid.''

Section 3138, Code of 1930, provides that certain designated officers of a bank ''shall deliver . . . to the assessor of taxes of the county in which it is located, a statement on the form prescribed by the state tax commission under oath, of the number and amount of all the shares of its capital stock paid in; . . . and of the sum of all undivided profits or surplus or accumulation of any sort constituting part of the assets of the bank, excluding its real estate: and the value of such shares estimated at par and increased by the proportion of the par value of all the shares of stock to the said surplus fund or accumulation, or of the amount of its capital so increased. shall be the basis of the taxation of such shares to the bank.''

This section is modified by section 11, chapter 22, Laws of 1930, to the extent that the bank's surplus invested under the provisions thereof shall be deducted from the value of its capital stock and not taxed. This statute manifestly contemplates a real, and not a mere book, surplus, which conclusion is reinforced by section 9, chapter 22, Laws of 1930, which expressly provides the "capital stock of said banks shall not be reduced pending the operation of this act."

A bank's surplus, as used in this statute, means an "excess in the aggregate value of all the assets (of a bank) over the sum of all its liabilities, including capital stock." Willcuts v. Milton Dairy Co., 275 U. S. 215, 48 S. Ct. 71, 72, 72 L. Ed. 247. This definition of a bank's surplus is admitted by counsel for the appellee to be true, unless modified by statute, and their claim is that the definition has been modified, in accordance with their contention, by section 11, chapter 22, Laws of 1930; but, as hereinbefore pointed out, that statute contemplates a real, and not a mere book, surplus. The surplus contemplated by the statute must not only be real when invested in accordance therewith, but must thereafter be maintained.

When this rule for the ascertainment of a bank's surplus is here applied, it will appear that the appellee in fact had no real surplus; its book surplus having been completely wiped out by its losses. When the book surplus is added to the appellee's capital stock and its losses deducted therefrom, the value of its capital stock appears to be sixteen thousand five hundred sixty-four dollars and ninety-four cents, from which, deducting the value of its real property, three thousand nine hundred ninety-four dollars and fifty cents, leaves the value of its capital stock for taxation as personal property twelve thousand five hundred seventy dollars and forty-four cents.

Counsel for the appellants say that the evidence dis-

closes the unauthorized payment of dividends which should be added to the value of the appellee's capital stock, and that the case should be remanded to the court below for the ascertainment thereof.

The case was not tried in the court below on that theory, but the sole question presented to it by written agreement of counsel was whether the appellee's book surplus is exempt from taxation and therefore should not be taken into consideration in determining the taxable value of its capital stock.

The decree of the court below will be reversed, and a judgment entered here fixing the value of the appellee's capital stock at twelve thousand five hundred seventy dollars and forty-four cents. So ordered.